XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA, State Bar No. 99966
Supervising Deputy Attorney General
ROSE B. FUA, State Bar No. 119757
HEATHER C. LESLIE, State Bar No. 305095
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7832
  Fax: (916) 327-2319
  E-mail: Heather.Leslie@doj.ca.gov
*Attorneys for California Department of Toxic Substances Control*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>                  Plaintiff,<br><br>v.<br><br>CITY OF BENICIA,<br><br>                  Defendant. | 2:18-cv-2952 JAM-AC<br><br>[PROPOSED] CONSENT DECREE |

## INTRODUCTION

Plaintiff, the Department of Toxic Substances Control ("DTSC"), filed its Complaint for Recovery of Response Costs and Declaratory Relief ("Complaint") in the United States District Court for the Eastern District of California (the "Court"), pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq.. This Consent Decree embodies the settlement reached between DTSC and the Defendant, the City of Benicia.

The Court, after review of the proposed settlement and consent decree and with the consent of DTSC and the Defendant, hereby ORDERS, ADJUDGES, and DECREES as follows:

1. **DEFINITIONS**

    1.1 All terms used in this Consent Decree that are defined in section 101 of CERCLA, 42 U.S.C. § 9601, shall have the same meaning as set forth in that section.

    1.2 "Defendant" shall mean the City of Benicia or any division thereof.

    1.3 "DTSC" shall mean DTSC, its predecessors including, but not limited to the Toxic Substances Control Program of the State of California Department of Health Services, and its successor(s).

    1.4 "Effective Date" is the day on which this Consent Decree is entered as an order of the Court.

    1.5 "Matters Addressed" by this Consent Decree are defined as any and all civil liability for reimbursement of all or any portion of Response Costs, past or future, incurred or to be incurred by DTSC, or by any other entity that is not party to this Consent Decree, declaratory relief, injunctive relief, or any other relief under CERCLA, the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et seq., or any other statute, regulation or common law theory for Response Costs and/or response actions, with regard to releases or threatened releases of hazardous substances occurring at, in, or from the Site prior to the signature of this Consent Decree by the Defendant. Matters Addressed does not include any matters identified in Section 8, Reservation of Rights, of this Consent Decree.

    1.6 "Response Costs" shall include all costs of "removal", "remedial action", or "response," incurred or to be incurred by DTSC, or by any third person or entity not a party to this Consent Decree that incurred costs pursuant to state administrative orders related to this Site, in response to the release or threatened release of hazardous substances at, in, or from the Site. Said term shall include, but not be limited to, direct labor costs; contractor, consultant and expert costs; travel and any other out-of-pocket expenses; the costs of identifying, developing evidence against, and pursuing claims against persons or entities, alleged to be liable for the release or

threatened release of hazardous substances at, in, or from the Site; applicable interest charges; attorney's fees; indirect costs; and oversight costs.

1.7 "Site" means the properties known as 711 and 750 Jackson Street, Benicia, Solano County, California (identified by Assessor's Parcel number 0080-14-0440) and 938, 940, 942, 945, 946, 952, and 954 Tyler Street; 963, 965, 967, 969, 971, 973, 977, 979, 981, 983, 985, 989, and 991 Lincoln Street; and 900 and 954 Jackson Street, Benicia, Solano County, California (identified by Assessor's Parcel numbers 0080-28-0010, 0080-28-0030, 0080-28-0040, 0080-28-0050) and the areal extent of the hazardous substance contamination that is or has been present at, or has extended from these addresses.

2. **RECITALS**

2.1. By and through its complaint, DTSC seeks to recover jointly and severally from the Defendant all costs it has incurred in response to releases and/or threatened releases of hazardous substances at, in, or from the Site, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a). DTSC also seeks a declaratory judgment that Defendant is jointly and severally liable for all further costs incurred by DTSC in response to the releases and/or threatened releases of hazardous substances at, in, or from the Site pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).

2.2. Each of the parties to this Consent Decree represents and acknowledges that, in deciding whether to enter into this Consent Decree, it has not relied on any statement of fact, statement of opinion, or representation, express or implied, made by any other party to this Consent Decree. Each of the parties to this Consent Decree has investigated the subject matter of this Consent Decree to the extent necessary to make a rational and informed decision to execute it and has had the opportunity to consult independent counsel.

2.3. DTSC and the Defendant agree that settlement without further litigation and without the admission or adjudication of any issue of fact or law is the most appropriate means of resolving this action. This Consent Decree was negotiated and executed by DTSC and the Defendant in good faith to avoid prolonged and complicated litigation. DTSC, moreover, has

negotiated and executed this Consent Decree to further the public interest and to protect human health and the environment.

3. **JURISDICTION**

This Court has jurisdiction over DTSC's federal law claims, which arise under CERCLA, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). This Court has personal jurisdiction over each of the parties to this Consent Decree. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. § 9613(b). This Court, further, has the authority to enter this Consent Decree as a consent decree of the Court.

4. **SETTLEMENT OF DISPUTED CLAIMS**

4.1  This Consent Decree represents a fair, reasonable, equitable, and good faith settlement of the Matters Addressed herein.

4.2  For the purposes of this Consent Decree, the Defendant admits none of the allegations of the Complaint. Nothing in this Consent Decree shall be construed as an admission of any issue of law or fact or of any violation of law. Notwithstanding the foregoing, the Defendant acknowledges its responsibility pursuant to this Consent Decree and shall not deny such responsibility in any proceeding brought by DTSC to enforce this Consent Decree.

4.3  Except as set forth in Section 9, of this Consent Decree, Covenant Not to Sue by Defendant, nothing in this Consent Decree shall prejudice, waive, or impair any right, remedy, or defense that the Defendant may have in any other or further legal proceeding.

5. **PAYMENTS BY THE DEFENDANT**

5.1  Upon the Effective Date, Defendant shall be liable to DTSC in the amount of $187,079 for response costs. Such amount shall be paid as follows: $160,899 in cash, and $26,180 in credit for any permit fees to the Defendant DTSC would otherwise have to pay Defendant for work conducted at the Site. Within thirty (30) calendar days of the Effective Date, Defendant shall pay the cash amount to DTSC as set forth in Section 5.2. If payment is not received within thirty (30) calendar days of the Effective Date, interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under

4

subchapter A of chapter 98 of Title 26 of the United States Code, commencing on the day after payment is due and accruing through the date of payment.

 5.2 The payments described in Section 5.1 will be made by electronic fund transfer. Copies of all payments or notices of electronic payments shall be sent to:

> Charlie Ridenour
> Branch Chief, Site Mitigation and Restoration Program – Sacramento Office
> Department of Toxic Substances Control
> 8800 Cal Center Drive
> Sacramento, CA 95826
> Charlie.Ridenour@dtsc.ca.gov
>
> Rose B. Fua
> Deputy Attorney General
> California Department of Justice
> 1515 Clay Street, 20th Floor
> P.O. Box 70550
> Oakland, CA 94612-0550
> Rose.Fua@doj.ca.gov

 5.3 The non-cash payment will be in the form of a credit to DTSC of $26,180 for permit fees the City of Benicia or any division thereof may otherwise charge DTSC for work related to the Site.

 6. **ACCESS AGREEMENT**

DTSC and its authorized representatives, including, but not limited to its contractors and employees, who will be conducting the investigation and remediation of the Site, shall have the authority to enter, move freely about, and sample the sewer and storm drain collection systems at the Site at all reasonable times with a minimum of five-days notice for the purposes of planning, implementing, and evaluating response and remedial actions. To the extent access requires permission from landowners other than the City, within five days of DTSC's request for access, the City will inform DTSC

 7. **COVENANT NOT TO SUE BY DTSC**

Except as specifically provided for in Section 8, Reservation of Rights, below, and except as may be necessary to enforce the terms of this Consent Decree, as of the Effective Date, DTSC covenants not to sue the Defendant for the Matters Addressed by this Consent Decree. The covenant not to sue set forth in this section does not pertain to any matters other than those

5

expressly specified in Matters Addressed in Section 1.5 above. This covenant not to sue is conditioned upon the satisfactory performance by the Defendant of its obligations under this Consent Decree.

## 8. **RESERVATION OF RIGHTS**

8.1 The Covenant Not to Sue set forth in Section 7, Covenant Not to Sue by DTSC, above does not pertain to any matters other than those expressly specified therein. DTSC reserves, and this Consent Decree is without prejudice to all rights and claims of DTSC against the Defendant and any other person with respect to all other matters, including, but not limited to, the following:

    (a) Failure of the Defendant to meet its obligations pursuant to this Consent Decree;

    (b) Damage to natural resources, as defined in section 101(6) of CERCLA, 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees;

    (c) Liability resulting from the Defendant's introduction of any hazardous substance, pollutant, or contaminant to the Site after the signature of this Consent Decree by the Defendant;

    (d) Liability resulting from acts by the Defendant after the signature of this Consent Decree by the Defendant that cause the exacerbation of the hazardous substance conditions existing at or from the Site;

    (e) Liability based on the ownership or operation of the Site by the Defendant when such ownership or operation commences after the signature of this Consent Decree by the Defendant;

    (f) Liability arising from the past, present, or future disposal of hazardous substances at sites or locations other than the Site; and

    (g) Criminal liability.

8.2 Except as expressly provided in this Consent Decree, nothing in this Consent Decree is intended to nor shall it be construed to preclude DTSC from exercising its existing authority under any law, statute, or regulation, and nothing in this Consent Decree is intended, nor shall it

be construed, to preclude any other state agency, department, board, or entity or any federal entity, from exercising its authority under any law, statute, or regulation.

8.3    Notwithstanding any other provision in the Consent Decree, DTSC reserves the right to institute proceedings in this action or in a new action against the Defendant seeking any remedy allowed by law, if:  conditions previously unknown to DTSC, for which the Defendant is potentially liable under any statute or law, are discovered at the Site after the Effective Date and these conditions indicate that (1) a previously unknown hazardous substance has been or is being released at the Site, there is a threat of such release into the environment, or previously unknown ordnance or radiological material are discovered at the Site and (2) the response performed at the Site is not protective of human health and the environment.

9. **COVENANT NOT TO SUE BY THE DEFENDANT**

Defendant covenants not to sue, and agrees not to assert any claims or causes of action against, DTSC, or its contractors, employees, or attorneys, or any state account or fund including but not limited to the accounts set forth in California Health and Safety Code section 25324(a) and (b),  for any costs or damages the Defendant has incurred, if any, or might incur or for any injuries or losses the Defendant has suffered, if any, or might suffer as a result of their performance of the requirements of this Consent Decree.  The Defendant further covenants not to sue, and agrees not to assert any claims or causes of action against, DTSC, or its contractors, employees, or attorneys, or any state account or state fund, including but not limited to the accounts set forth in California Health and Safety Code section 25324(a) and (b), for any and all civil liability for reimbursement of all or any portion of the Defendant's past or future response costs,  declaratory relief, injunctive relief or any other relief under CERCLA, any other statute, regulation, or common law theory for reimbursement of all or any portion of response costs, with regard to releases or threatened releases of hazardous substances occurring at, in, or from the Site.

10. **EFFECT OF THE CONSENT DECREE**

10.1 This Consent Decree constitutes the resolution of the Defendant's alleged liability to DTSC with respect to the Matters Addressed in a judicially approved settlement within the meaning of section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

10.2 Accordingly, upon entry of this Consent Decree by the Court, and provided that the Defendant performs all of its obligations under this Consent Decree, Defendant shall be entitled, as of the date all payments in section 5.1 are satisfied, to protection against all claims for contribution, pursuant to 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for the Matters Addressed by this Consent Decree, to the fullest extent permitted by law.

10.3 Except as specifically provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall be construed, to waive, release, or otherwise affect any right, claim, or cause of action held by any party to this Consent Decree against, or to provide a covenant not to sue to, any third person not a party to this Consent Decree, or to in any way limit, restrict, or impair the right of any party to this Consent Decree to assert rights, claims, causes of action, and defenses against any third person not a party to this Consent Decree, including without limitation, the right to seek payment, reimbursement, contribution, or indemnity from such persons for obligations incurred or to be incurred, or actions taken or to be taken, under this Consent Decree. Except as specifically provided in this Consent Decree, DTSC and Defendant expressly reserve any rights, claims, or causes of actions they each might have against any third person not a party to this Consent Decree.

10.4 This Consent Decree is contingent and dependent on all of its terms being approved and entered by the Court. If the Court does not approve and enter this Consent Decree, DTSC and the Defendant each reserve all of their respective rights, remedies, and defenses.

10.5 This Consent Decree is not intended, nor shall it be construed, to limit or otherwise affect DTSC's right to select a response action for the Site.

11. **NOTIFICATION**

11.1 Notification to or communication between DTSC and the Defendant as required or provided for in this Consent Decree shall be addressed as follows:

As to DTSC:

Charlie Ridenour
Branch Chief, Site Mitigation and Restoration Program – Sacramento Office
Department of Toxic Substances Control
8800 Cal Center Drive
Sacramento, CA 95826

Rose B. Fua
Deputy Attorney General
California Department of Justice
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550

As to the Defendant:
City Attorney
Cc: City Manager
250 East L Street
Benicia, CA 94510

11.2 Upon 10 days written notice to the other party, a party to this Consent Decree may substitute another person for an addressee named above to receive notifications or communications as required or provided for in this Consent Decree.

12. **MODIFICATION OF THE CONSENT DECREE**

This Consent Decree may only be modified upon the written agreement of DTSC and the Defendant and the approval of the Court or upon order of the Court after noticed motion by a party to this Consent Decree.

13. **APPLICATION OF THE CONSENT DECREE**

This Consent Decree shall apply to and be binding upon DTSC and the Defendant, and each of their respective successors and assigns. The provisions of this Consent Decree shall inure to the benefit of DTSC, the Defendant, and each of their respective successors and assigns.

14. **INTEGRATION**

This Consent Decree, including any exhibits and materials incorporated herein by reference, constitutes the entire agreement between DTSC and the Defendant and may not be amended or supplemented except as provided for in this Consent Decree.

15. **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction of this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

16. **EXECUTION OF DECREE**

This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

17. **INTERPRETATION**

California law governs the interpretation and enforcement of this Consent Decree. This Consent Decree shall be deemed to have been drafted equally and by all parties hereto.

18. **ATTORNEYS' FEES AND COSTS**

As to each other, DTSC and the Defendant shall bear their own costs, attorneys' fees (except for attorneys' fees incorporated in DTSC's Response Costs), and all other costs of litigation, except as provided in section 19, Failure to Comply with the Consent Decree. This paragraph shall have no effect on the rights of DTSC and the Defendant to recover these fees or costs from any other party.

19. **FAILURE TO COMPLY WITH THE CONSENT DECREE**

If DTSC must take action to enforce this Consent Decree, the Defendant shall reimburse DTSC for all costs of such action, including, but not limited to, attorneys' fees.

20. **ENTRY OF THE CONSENT DECREE**

This Consent Decree shall be signed and lodged with the Court for a period of not less than thirty (30) calendar days for public notice and comment. DTSC shall file with the Court any written comments received and DTSC's responses thereto. DTSC may withdraw its consent to this Consent Decree if comments received during the public comment period disclose facts or considerations that DTSC believes indicate this Consent Decree is inappropriate, improper, or inadequate. The Defendant consents to the entry of this Consent Decree without further notice.

21. **AUTHORITY TO ENTER**

Each signatory to this Consent Decree certifies that he or she is fully authorized by the party he or she represents to enter into this Consent Decree, to execute it on behalf of the party represented, and legally to bind that party.

| | |
|---|---|
| 1 | CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL |

Dated: 11/08/2018

_(signature)_
Signature

Mohsen Nazemi
Name

Deputy Director
Title

**CITY OF BENICIA**

Dated: _____

_____
Signature

_____
Name

_____
Title

**APPROVED AS TO FORM:**

Dated: 11/09/2018

Xavier Becerra
Attorney General of California

_Heather Leslie_
Margarita Padilla
Supervising Deputy Attorney General
Rose B. Fua
Heather C. Leslie
Deputy Attorneys General
*Attorneys for Plaintiff, California
Department of Toxic Substances Control*

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL

Dated: _____

_____
Signature

_____
Name

_____
Title

CITY OF BENICIA

Dated: October 30, 2018

*[signature]*
_____
Signature

Elizabeth Patterson
_____
Name

Mayor
_____
Title

APPROVED AS TO FORM:

Dated: _____

Xavier Becerra
Attorney General of California

_____
Margarita Padilla
Supervising Deputy Attorney General
Rose B. Fua
Heather C. Leslie
Deputy Attorneys General
*Attorneys for Plaintiff, California
Department of Toxic Substances Control*

Dated: October 26, 2018

*[signature]*
Heather McLaughlin
City Attorney for the City of Benicia
250 East L Street
Benicia, CA 94510

**IT IS SO ORDERED.**

Dated: February 21, 2019

*[signature]*
UNITED STATES DISTRICT COURT JUDGE